*E-Filed 9/21/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS HENDON, | No. C 11-0163 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| D. SANDS, | |
| Defendant. | |

### INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendant has filed a motion to revoke plaintiff's *in forma pauperis* status and to dismiss the action. Plaintiff has not filed an opposition. For the reasons stated herein, defendant's motion is GRANTED, and the action is DISMISSED.

### DISCUSSION

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.* Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

In the instant matter, a review of the dismissal orders in plaintiff's prior prisoner actions in the Eastern District reveals that plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief

No. C 11-0163 RS (PR)
ORDER OF DISMISSAL

2

may be granted. Defendant has given plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Hendon v. Rogel*, No. 05-CV-01063-DFL-PAN (E.D. Aug. 28, 2006) (civil rights action dismissed for failure to state a claim); (2) *Hendon v. Witcher*, et al., No. 05-CV-01246-AWI-DLB (E.D. Aug. 6, 2007) (same); and (3) *Hendon v. White*, et al., No. 07-CV-01825-GEB-CMK (E.D. Cal. Feb. 5, 2008) (same).

Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *Andrews*, 398 F.3d at 1052–53. Plaintiff alleges in his complaint that defendant D. Sands, a correctional officer at Salinas Valley State Prison, circulated a rumor that plaintiff, then an inmate at Salinas Valley, was a molester, thereby putting him in danger. Plaintiff further alleges that D. Sands left two inmates hostile to plaintiff in a cell with him in order to watch the three men fight. At the time plaintiff filed this complaint, however, he was housed in California State Prison in Sacramento. (Docket No. 1 at 15.) Plaintiff, then, cannot have been in imminent danger at the time he filed his complaint.

In view of this, defendant's motion (Docket No. 12) is GRANTED, and the order granting IFP status to plaintiff (Docket No. 6) is hereby VACATED. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The Court finds that, pursuant to *Andrews*, plaintiff has been given notice of the potential applicability of § 1915(g) by defendant in his motion requesting the Court to revoke plaintiff's IFP status. 398 F.3d at 1121. Plaintiff has not filed an opposition, and therefore he has failed to meet his burden of showing that § 1915(g) does not bar IFP status for him. Therefore, a dismissal under § 1915(g) is proper because plaintiff has had an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. Accordingly, this action is hereby DISMISSED without prejudice to plaintiff's filing a motion to reopen no later than 30 days from the date of this order accompanied by the full filing fee of $ 350.00. *See* 28 U.S.C. § 1915(g).

No. C 11-0163 RS (PR)
ORDER OF DISMISSAL

Plaintiff's motion for clarification (Docket No. 9) is DENIED as moot. The order of service (Docket No. 7) is hereby VACATED, and, therefore, the parties are relieved of the duties imposed by that order. The Clerk shall terminate Docket Nos. 9 & 12, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: September 21, 2011

RICHARD SEEBORG
United States District Judge

No. C 11-0163 RS (PR)
ORDER OF DISMISSAL